## M. A. WALL V. THE STATE.

No. 19193. Delivered November 17, 1937.

The opinion states the case.

*W. W. Tupper* and *Robert P. Brown,* both of of San Angelo, for appellant.

*O. C. Fisher, Dist. Atty.,* of San Angelo, and *Weaver H. Baker,* of Junction, and *Lloyd W. Davidson's* States's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of sheep; the punishment, confinement in the penitentiary for two years.

The five children of S. W. Mather, deceased, owned an undivided one-fifth interest each in his estate, which consisted of 459 acres of land, about 185 sheep and other livestock. Among the children were Mrs. Nora Jolly, a widow, Robert Mather, who was 19 years of age, and Sam Mather. The ranch and sheep were in the possession and under the care and control of Mrs. Nora Jolly. Robert Mather lived on the ranch with her, and when not attending school worked with and cared for the sheep and other livestock. After the death of his father, guardianship proceedings had been instituted in the county court and Sam Mather had been appointed guardian of the person and estate of the said Robert Mather, and on the date of the alleged theft was still such guardian.

The proof on the part of the State was to the effect that Robert Mather and appellant entered into an agreement to steal thirty head of said sheep from the Mather ranch. This agreement was carried into effect; and, without the consent of Mrs. Jolly, appellant ·and Robert Mather took thirty head of said sheep and appellant sold same, dividing the proceeds with Robert Mather. Further, the proof on the part of the State warranted the conclusion of the jury that appellant knew that Robert Mather had no right to take said sheep. Appellant testified that he believed that Robert Mather had the right to sell the sheep.

In the indictment ownership and possession of the stolen sheep were alleged to be in Mrs. Nora Jolly. We think it is clear that as against Robert Mather, the accomplice witness, she was wholly entitled to the possession of said sheep on the date of the alleged offense. Hence we cannot agree with appellant that the consent of the said Robert Mather to the taking of said

animals constituted a complete defense. We quote Art. 1417, P. C., as follows:

"If the person accused of the theft be part owner of the property, the taking does not come within the definition of theft, unless the person from whom it is taken be wholly entitled to the possession at the time."

It has been observed that Robert Mather was a minor and that his brother, Sam Mather, had been appointed guardian of his person and estate. Art. 4164, R. C. S., reads as follows:

"The guardian of the estate is entitled to the possession and management of all property belonging to the ward, to collect all debts, rents, or claims due such ward, to enforce all obligations in his favor, to bring and defend suits by or against him * * *."

We quote Art. 4165, R. C. S., as follows:

"It is the duty of the guardian of the estate to take care of and manage such estate as a prudent man would manage his own property. He shall account for all rents, profits and revenues as the estate would have produced by such prudent management." See Shaw v. Dalston, 18 S. W. (2d) 215.

It has been observed that Mrs. Jolly had the care, custody, management and control of the sheep by virtue of an agreement entered into between the heirs of S. W. Mather. The guardian of Robert Mather had entered into said agreement for himself and in his capacity as said guardian. Manifestly, under Arts. 4164 and 4165, above quoted, Robert Mather had no right to take possession of any of the sheep in question, notwithstanding he was part owner of same. Having no such right in this regard, his consent to the taking could not, of itself, "affect the question of the guilt of the appellant," unless the appellant believed the said Robert Mather had the right to give such consent. See Duren v. State, 15 Texas App., 624, and Connell v. State, 2 Texas App., 422. On this point the proof on the part of the State warranted the conclusion of the jury that appellant did not act in good faith, but took said sheep fraudulently, knowing that the said Robert Mather had no right to give his consent to such taking. In this connection, it is observed that at the request of the appellant the court gave the following instruction to the jury:

"You are charged as a part of the law of this case, that if you believe from the evidence that Robert Mather told the defendant that the sheep belonged to him (Mather) and the defendant believed that same were Mather's, or had good reason to believe that same were Mather's, or had good reason to believe that the same did belong to Robert Mather, or if you

have a reasonable doubt as to this, you cannot convict the defendant but must acquit him and say by your verdict not guilty."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, J., absent.